**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq., Cal. Bar No. 185123
eric@kingsleykingsley.com
LIANE KATZENSTEIN LY., Esq., Cal. Bar No. 259230
liane@kingsleykingsley.com
LYUBOV LERNER, Esq., (SBN 311762)
luba@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

**MARTÍNEZ AGUILASOCHO & LYNCH, APLC**
Mario Martínez, Esq. (SBN 200721)
Email: mmartinez@farmworkerlaw.com
Edgar L. Aguilasocho, Esq. (SBN 285567)
Email: eaguilasocho@farmworkerlaw.com
P.O. BOX 1998
Bakersfield, CA 93303
Tel: (661) 859-1174; Facsimile: (661) 840-6154

Attorneys for Plaintiff and all aggrieved employees

## UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR CALZADILLAS, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE WONDERFUL COMPANY, LLC; and DOES 1 - 25,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br>1. **Violation of Migrant and Seasonal Agricultural Worker Protection Act**<br>2. **Failure to Pay Wages**<br>3. **Failure to Provide/Compensate for Mandated Rest Periods**<br>4. **Failure to Provide/Compensate for Mandated Meal Periods**<br>5. **Failure to Reimburse Expenses for Tools and Equipment in Violation of 29 U.S.C. § 1832(c) and Cal. Labor Code § 2802**<br>6. **Failure to Reimburse for Vehicle Expenses; Lab. Code § 2802**<br>7. **Waiting Time Penalties Pursuant** |

to Labor Code § 203

8. **Failure to Keep Accurate Information Cal. Labor Code § 226 and IWC Wage Order and 14-2001; 29 U.S.C. § 1831(c)**

9. **Failure to Record and Pay for Travel Time and Wait Time**

10. **Unfair Competition Pursuant to Bus. & Prof. Code § 17200**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

PLAINTIFF Salvador Calzadillas (hereinafter: "PLAINTIFF"), or himself and all other persons similarly situated (hereinafter: "Members of the Proposed Class"), hereby demands a trial by jury and complains of DEFENDANTS, THE WONDERFUL COMPANY, and DOES 1-25 (hereinafter: "DEFENDANTS") as follows:

**INTRODUCTION**

1.     This is a class action by current and former employees of DEFENDANTS for recovery of unpaid wages and penalties, failure to provide paid meal breaks, rest breaks, failure to keep accurate records, failure to record and pay for travel and wait time, failure to reimburse expenses, restitution, attorneys' fees and costs, and injunctive relief.

2.     DEFENDANTS are engaged in the business of cultivating, harvesting and packing fruit and tree nuts, including mandarins and other citrus, and marketing the mandarins under the "Halos" brand.

3.     The cultivation and harvesting takes place on land located primarily in or near Kern County, Tulare County and Fresno County, California.

4.     PLAINTIFF and Members of the Proposed Class are seasonal agricultural workers – within the meaning of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C § 1802(10) – who have worked in DEFENDANTS' fields, for DEFENDANTS, either directly or through various Farm Labor Contractors but not limited to Rosas, Lexus, Camacho, Superior, A.G.R., Alvarado, Acevedo and Star Ag.

5.     On behalf of himself and all other persons similarly situated, PLAINTIFF complains that DEFENDANTS have required workers to perform unpaid, off-the-clock work in violation of federal and state wage and hour laws. PLAINTIFF also complains that DEFENDANTS have committed other violations of applicable law, including failing to pay minimum wage, failing to keep accurate records of hours worked, failing to appropriately provide or compensate for mandated rest periods, failing to provide and compensate for mandated meal periods, and failing to pay to crew members the wages due at the agreed-upon wage rate for work performed and/or fruit harvested under the crew

piece rate, failing to pay workers for waiting time, failing to pay for travel time, failing to reimburse for tools and equipment, and failing to reimburse for vehicle expenses.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over PLAINTIFF'S federal claims pursuant to 28 U.S.C. §§ 1331 & 1854. The Court has supplemental jurisdiction over PLAINTIFF'S state law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1891(d) because the actions at issue took place in this district.

8.     This is properly assigned to the Fresno Division of this Court pursuant to Local Rule 3-120(d) because the action arose in Kern County, Tulare County and Fresno County, California.

## PARTIES

9.     PLAINTIFF lives, and has lived in Kern County, State of California, during the time of his employment by DEFENDANTS within the period relevant to these claims.

10.     Named PLAINTIFF is, has been and/or was a seasonal agricultural worker within the meaning of 29 U.S.C § 1802(10), employed by DEFENDANTS within the meaning of 29 U.S.C § 1802(3), to work in DEFENDANTS' fields, that is, on land owned, leased, managed and/or operated, harvested or otherwise made productive by DEFENDANTS in or near Kern County, Tulare County, and Fresno County, California, at various times from at least four (4) years prior to the filing of this action to the present ("the relevant period").

11.     PLAINTIFF is, has been or was a non-exempt agricultural employee of DEFENDANTS. At all relevant times herein, PLAINTIFF is, has been or was employed by DEFENDANTS as an agricultural employee in DEFENDANTS' fields in or near Kern County, Tulare County and/or Fresno County, California.

12.     DEFENDANTS is, based upon information and belief, a Delaware limited liability company with their principal place of business in Kern County and on information and belief are conducting business in good standing in the State of California.

13.     DEFENDANT THE WONDERFUL COMPANY is a privately held $4 billion-dollar corporation that is the world's largest grower of tree nuts and America's largest citrus grower.   It maintains and operates a citrus packing house in Delano, California where it receives citrus and mandarins sold and marketed under the "Halos" brand.

14.     DEFENDANTS are engaged in the operation of agricultural fields for production of fruit, as described above. DEFENDANTS also own and operate packing facilities in or near Kern County, California to sort, grade, package and distribute fruit harvested by PLAINTIFF and other agricultural employees under the "Halos" brand and "Wonderful Company"-related brands. At all times mentioned herein, DEFENDANTS employed PLAINTIFF and Members of the Proposed Class as non-exempt employees in DEFENDANTS' agricultural field operations.

15.     DEFENDANTS issue or cause to be issued, or employ FLCs that issue, during the relevant period issued, payroll checks to PLAINTIFF and all other persons similarly situated for agricultural work performed for The Wonderful Company.

16.     DEFENDANTS are, and during the relevant period have been, engaged in the business of cultivating, harvesting, packing and shipping fruit as described above.

17.     DEFENDANTS sell and ship their agricultural produce to various parts of California and other states of the United States, and throughout the world.

18.     With respect to the events at issue in this case, DEFENDANTS acted as agents for each other and as employer of PLAINTIFF and all other persons similarly situated. DEFENDANTS are jointly liable for the wage violations alleged herein, pursuant to California law.

19.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as DOES 1 through 25, inclusive, are currently unknown to PLAINTIFF, who therefore sues Defendants by such fictitious names. PLAINTIFF is informed and believe, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the

unlawful acts referred to herein. PLAINTIFF will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated as DOE when the same are ascertained.

20. As employer of PLAINTIFF and similarly situated employees, DEFENDANTS are liable for the violations of law described in this Complaint. Cal. Labor Code 2810.3.

## FACTUAL BACKGROUND

21. During the relevant period, DEFENDANTS have employed, as that term is used in 29 U.S.C. § 1802(3), thousands of seasonal agricultural workers in pre-harvest and harvesting operations.

22. PLAINTIFF and Members of the Proposed Class are, and at all relevant times have been, non-exempt employees within the meaning of the California Labor Code § 500, et seq., and the rules and regulations of California Industrial Welfare Commission Wage Order No. 14-2001 [8 Cal. Code of Regs. § 11140] ("IWC Wage Order 14"), working in the cultivation and harvest of fruit on land owned, leased, managed and/or operated, harvested or otherwise made productive by DEFENDANTS in or near Kern County, Tulare County and Fresno County, California.

23. During the relevant period, PLAINTIFF and Members of the Proposed Class have engaged in agricultural employment, as that term is used in 29 U.S.C. § 1802(3), on agricultural land owned, leased, managed and/or operated, harvested or otherwise made productive by DEFENDANTS.

24. During the relevant period, PLAINTIFF and Members of the Proposed Class have entered into working arrangements with DEFENDANTS. These arrangements are formed and entered into each season, at least once (in many cases, more than once), at or near the time PLAINTIFF and Members of the Proposed Class are hired by DEFENDANTS.

25. Under the working arrangements, which are also oral employment contracts, DEFENDANTS offer PLAINTIFF and Members of the Proposed Class jobs in

DEFENDANTS' agricultural operations, and PLAINTIFF and Members of the Proposed Class accept the job offers.

26.    The contracts described above are and were "working arrangements" as that term is used in the AWPA, 29 U.S.C. § 1832(c), and/or agreements.

27.    By words, conduct, practice, agreement, or custom and usage, including but not limited to posting IWC Wage Order 14 at the place of employment, DEFENDANTS communicated to PLAINTIFF and Members of the Proposed Class that DEFENDANTS would abide by the terms contained therein.

28.    Such posting of IWC Wage Order 14 was and is a "working arrangement" as that term is used in the AWPA and/or an agreement.

29.    This working arrangement requires and required DEFENDANTS to pay PLAINTIFF and Members of the Proposed Class their agreed-upon wages for all hours worked, to pay workers for required rest periods to provide meal periods, and to abide in all respects by IWC Wage Order 14, which formed part of the working arrangement and/or agreement.

30.    PLAINTIFF and Members of the Proposed Class were not and have not been compensated by DEFENDANTS for all time worked for DEFENDANTS.

31.    By words, conduct, practice, agreement, or custom and usage, it is understood by the parties that, consistent with federal and state law, DEFENDANTS will pay PLAINTIFF and Members of the Proposed Class for all work performed on one or more of the following bases: (1) a stated hourly wage ("hourly basis"); (2) an agreed-upon piece rate for certain work ("individual piece rate"); or (3) a group piece rate based on the total production in the fields by each group, to be divided evenly among members of the group ("group piece rate").

32.    PLAINTIFF and Members of the Proposed Class work on piece rate picking mandarins. After the initial first pick of mandarins in the mornings, workers then switch to non-piece rate work in the late morning or afternoon, doing work such as picking up fruit off the ground, doing a second or third pass through, or picking "la china," but workers

are not compensated for this work. Instead, DEFENDANTS use the earlier piece rate earnings as a credit to satisfy minimum wage obligations in violation of California law and/or fail to "pay" workers for this non-piece rate work.

33.     PLAINTIFF and Members of the Proposed Class are sometimes compensated on a per bin basis and paid a specific rate per bin. However, Plaintiff and other similarly situated workers do not get credit for all the bins they pick, thus depriving workers of wages earned.

34.     PLAINTIFF and Members of the Proposed Class are scheduled to report to work at a specific time and do in fact report to work, but frequently are told to wait before they can begin harvesting work due to the citrus trees being wet. This waiting time is neither recorded nor paid for by DEFENDANTS, in violation of California law.

35.     DEFENDANTS' failure to pay all appropriate compensation was knowing and willful.

36.     Pursuant to California law, PLAINTIFF and Members of the Proposed Class are entitled to a paid ten (10) minute rest break for every four (4) hours worked or major fraction thereof.

37.     PLAINTIFF and Members of the Proposed Class consistently and regularly worked shifts exceeding 3½ hours without being provided and/or paid for rest periods.

38.     By words, conduct, practice, agreement, or custom and usage, including but not limited to the posting of IWC Wage Order 14 at the place of employment, DEFENDANTS communicated that they would provide to PLAINTIFF and Members of the Proposed Class all necessary tools and equipment. More specifically, IWC Wage Order 14 states: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer . . . ."

39.     During the relevant period, PLAINTIFF and Members of the Proposed Class were required to provide their own tools that are necessary to the performance of the work required of them by DEFENDANTS. These tools include pruning shears, picking clippers,

cloth sacks, protective gloves and other items similarly indispensable to adequate job performance and fulfillment of the work for which they were/had been employed.

40. PLAINTIFF and Members of the Proposed Class were required to purchase tools necessary for work and DEFENDANTS have not reimbursed them for those expenditures. By failing to provide the tools necessary for adequate performance of the job and/or by failing to reimburse non-exempt agricultural employees' tool expenses, DEFENDANTS violated IWC Wage Order 14, Section 9, California Labor Code § 2802 and 29 U.S.C. § 1832(c), and burdened PLAINTIFF and Members of the Proposed Class with the costs of tools.

41. During the relevant period, DEFENDANTS required PLAINTIFF and the CLASS to travel between fields to perform work tasks. Sometimes this travel was by foot and sometimes the travel was by car. Because DEFENDANTS did not provide buses or other transportation to workers so that they could travel from field to field in the middle of their shifts, Plaintiff and the CLASS used their own vehicles to travel from field to field. DEFENDANTS did not reimburse Plaintiff and the Class for their vehicle use for travel between DEFENDANTS' fields during the course of a work shift, in violation of California law.

42. When PLAINTIFF and similarly situated employees travelled between fields during piece rate shifts, DEFENDANTS failed to record the travel time and failed to compensate PLAINTIFF and the CLASS for this travel time.

43. During the relevant time period, DEFENDANTS failed to provide or permit the taking of meal periods in compliance with California law. Frequently, DEFENDANTS deprived Plaintiff and the CLASS of meal periods for shifts lasting longer than 5 hours. DEFENDANTS failed in their obligations by frequently failing to provide meal periods to Plaintiff and the CLASS and frequently failing to record a meal period.

44. As a result of the of the unpaid and unrecorded hours and as a result of the failure to properly record meal periods, DEFENDANTS have failed to keep accurate records of the hours worked for PLAINTIFF and Members of the Proposed Class and have

failed to issue itemized wage statements that accurately reflect all of the hours and rates worked by PLAINTIFF and Members of the Proposed Class.

45.    During the relevant period, PLAINTIFF and Members of the Proposed Class have quit their employment during or between the various tree fruit seasons, or have been laid off or discharged, either permanently or for the duration of the season, at the end of or during a season.

46.    DEFENDANTS have failed to pay PLAINTIFF and Members of the Proposed Class all wages owed to them at the time they quit or are laid off or discharged.

## CLASS ACTION ALLEGATIONS

47.    PLAINTIFF brings this action, on behalf of himself and all other persons similarly situated, as a Class Action pursuant to Federal Rule of Civil Procedure 23(a) & (b)(3). PLAINTIFF satisfies the requirements of Rule 23(a) & (b)(3) for the prosecution of this action as a Class Action.

48.    PLAINTIFF seeks to define the Class as follows:

> All non-exempt agricultural employees of DEFENDANTS who performed work in DEFENDANTS' fields in California from four (4) years prior to the filing of this action to the present, excluding irrigators, tractor drivers, and shop employees.

49.    Plaintiffs reserve the right to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues. However, at this stage of the litigation, the proposed subclasses are as follows:

(a)    All of DEFENDANTS' non-exempt agricultural employees who performed uncompensated work in the harvest, including not getting paid for all bins, and for uncompensated nonproductive work such as "la China"(hereinafter: "Unpaid Work Subclass").

(b)    All of DEFENDANTS' non-exempt agricultural employees who were not provided rest periods or compensated for rest periods in accordance with California law (hereinafter: "Rest Period Subclass");

(c)    All of DEFENDANTS' non-exempt agricultural employees who incurred unreimbursed necessary tool expenses in the harvest and/or pre-harvest seasons (hereinafter: "Tool Subclass").

(d)    All of DEFENDANTS' non-exempt agricultural employees who worked at two or more fields in one day but were not compensated for the time spent travelling between fields (hereinafter: "Travel Time Subclass").

(e)    All of DEFENDANTS' non-exempt agricultural employees who worked at

two or more fields in one day, who drove their own cars between fields, and who were not reimbursed for their vehicle use (hereinafter: "Vehicle Expense Subclass").

(f)   All of DEFENDANTS' non-exempt agricultural employees who spent time waiting before harvest work could commence and were not paid for that waiting time (hereinafter: "Wait Time Subclass").

(g)   All of DEFENDANTS' non-exempt agricultural employees who either did not receive a meal period and/or for whom a meal period was not recorded (hereinafter: "Meal Period Subclass").

(h)   All of DEFENDANTS' non-exempt agricultural employees who, due to the violations claimed herein, received an inaccurate itemized wage statement (hereinafter: "Wage Statement/Records Subclass").

(i)   All of DEFENDANTS' non-exempt agricultural employees who were not paid all wages due when they were laid off each season, discharged, or quit, as required by California Labor Code (hereinafter: "Final Paycheck Subclass").

**A.   Numerosity**

50.   The Members of the Proposed Class are so numerous that joinder of all the Members of the Proposed Class is impracticable. While the precise number of Members of the Proposed Class has not been determined at this time, PLAINTIFF is informed and believe, and based upon such information and belief allege, that during the relevant period, DEFENDANTS employed at least 4,000 agricultural workers each harvest season. PLAINTIFF is informed and believe, and based upon such information and belief allege, that each subclass contains hundreds, if not thousands, of workers.

51.   DEFENDANTS' employment records would provide information as to the number and location of all Members of the Proposed Class.

**B.   Commonality**

52.   There are questions of law and fact common to the Proposed Class that predominate over any questions affecting only individual Members of the Proposed Class. These common questions of law and fact include, without limitation:

(a)   Whether DEFENDANTS violated the AWPA, 29 U.S.C. § 1801, et seq., by failing to pay Members of the Proposed Class all wages due at rates agreed upon through contract or working arrangement for all work performed, including hours worked, individual and/or crew piece rate wages earned, and for rest periods.

(b)   Whether DEFENDANTS failed to pay wages – at rates agreed upon through

contract or working arrangement – for all hours worked, including wages for all work performed on an individual and/or crew piece rate;

(c)     Whether Members of the Proposed Class were provided or paid for rest periods when work shifts lasted 3½ hours or longer;

(d)     Whether DEFENDANTS violated the AWPA, Labor Code § 221 and/or Labor Code § 223 by failing to pay Members of the Proposed Class for rest periods when they worked shifts lasting 3½ hours or longer;

(e)     Whether DEFENDANTS violated California Labor Code § 226, IWC Wage Order 14, and/or 29 U.S.C. § 1831(c) by failing to keep accurate information or failing to provide accurate statements of all hours worked and wages earned;

(f)     Whether DEFENDANTS violated their obligations to separately account for and/or designate on pay stubs legally required rest periods when Members of the Proposed Class worked shifts lasting 3½ hours or longer;

(g)     Whether DEFENDANTS failed to provide legally complaint meal periods for shifts of greater than 5 hours;

(h)     Whether DEFENDANTS failed to provide legally complaint meal periods for shifts of greater than 10 hours;

(i)     Whether DEFENDANTS owe premium pay to Members of the Proposed Class under Labor Code § 226.7;

(j)     Whether DEFENDANTS owe penalties or other costs to Members of the Proposed Class for failing to pay them for rest periods when they worked shifts lasting 3½ hours or longer;

(k)     Whether DEFENDANTS owe penalties or other costs to Members of the Proposed Class for failing to pay them for meal periods when they worked shifts lasting more than 5 hours;

(l)     Whether DEFENDANTS owe penalties or other costs to Members of the Proposed Class for failing to pay them for second meal periods when they worked shifts lasting more than 10 hours;

(m)   Whether DEFENDANTS violated IWC Wage Order 14 by failing to provide Members of the Proposed Class with necessary tools; whether DEFENDANTS violated California Labor Code § 2802 by failing to reimburse Members of the Proposed Class for the costs of their purchases of tools that were required and necessary for the adequate performance of assigned work or jobs in DEFENDANTS' agricultural operations; and/or whether DEFENDANTS violated 29 U.S.C. § 1832(c) by failing to provide tools needed to perform work;

(n)   Whether DEFENDANTS' failed in their obligations to separately record and pay non-exempt agricultural employees for time spent travelling between fields;

(o)   Whether DEFENDANTS violated the law by failing to reimburse non-exempt agricultural employees for vehicle use when travelling in the middle of a work shift;

(p)   Whether DEFENDANTS failed to record and pay for time spent by agricultural employees waiting before harvest work could commence;

(q)   Whether DEFENDANTS complied with meal and record keeping requirements under California law and/or under the AWPA.

(r)   Whether DEFENDANTS violated California Labor Code §§ 201–03 by failing to pay compensation due and owing at the time that any Member of the Proposed Class's employment with DEFENDANTS terminated, whether at the end of a season or permanently;

(s)   Whether DEFENDANTS violated California Business and Professions Code § 17200, et seq., by engaging in the unlawful acts alleged in this Complaint; and

(t)   Whether Members of the Proposed Class are entitled to equitable relief pursuant to California Business and Professions Code § 17200, et seq.

**C.   Typicality**

53.   PLAINTIFF'S claims are typical of the claims of Members of the Proposed Class. PLAINTIFF and Members of the Proposed Class sustained injury and damages arising out of and caused by DEFENDANTS' common course of conduct in violation of

laws, regulations that have the force and effect of law, and statutes, as alleged herein.

**D.    Adequacy of Representation**

54.    PLAINTIFF will fairly and adequately represent and protect the interests of the Members of the Proposed Class. Counsel representing PLAINTIFF are competent and experienced in litigating large employment Class Actions, and in litigating Class Actions involving agricultural employees. Counsel representing PLAINTIFF have been certified as class counsel in prior litigation.

**E.    Superiority of Class Action**

55.    A Class Action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Members of the Proposed Class is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Members of the Proposed Class.

56.    Class Action treatment will allow similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. PLAINTIFF is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a Class Action.

## CAUSES OF ACTION

57.    PLAINTIFF incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth in the various Causes of Action alleged herein and described below.

## FIRST CAUSE OF ACTION

## (MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT, 29 U.S.C. § 1801, et seq.)

58.    DEFENDANTS intentionally violated the AWPA by:

(a)    failing to pay wages when due to PLAINTIFF and Members of the Proposed Class, as required by 29 U.S.C. § 1832(a);

(b)    violating the terms of the working arrangements made with PLAINTIFF and Members of the Proposed Class, including by failing to pay all wages due

**COMPLAINT**

and failing to provide tools necessary for work in violation of 29 U.S.C. § 1832(c);

   (c) failing to keep accurate time and wage records for all work performed by PLAINTIFF and Members of the Proposed Class and failing to provide them with accurate, itemized statements of each pay period, as required by 29 U.S.C. § 1831(c)(1)–(2); and

   (d) providing to PLAINTIFF and Members of the Proposed Class false and misleading information related to disclosures required by 29 U.S.C. § 1831(c).

## SECOND CAUSE OF ACTION

## (FAILURE TO PAY ALL WAGES DUE UNDER EMPLOYMENT CONTRACT OR WORKING ARRANGEMENT)

59. By words, conduct, practice, custom, or usage, including by the posting of IWC Wage Order 14, DEFENDANTS and PLAINTIFF and Members of the Proposed Class wages agreed on wage rates for all work performed and/or hours worked.

60. DEFENDANTS have breached the established employment contracts or working arrangement by failing to pay PLAINTIFF and Members of the Proposed Class wages earned. Such breach has caused injury and damages to PLAINTIFF and Members of the Proposed Class.

61. PLAINTIFF and Members of the Proposed Class performed nonproductive work such as "la China" and picking up fruit from the ground and were not compensated for this work.

62. PLAINTIFF and Members of the Proposed Class working on a piece rate were not compensated for all bins picked.

## THIRD CAUSE OF ACTION

## (FAILURE TO PAY MINIMUM WAGE, CALIFORNIA LABOR CODE § 1194)

63. California Labor Code § 1194(a) provides that it is unlawful to pay less than the minimum wage established by law. DEFENDANTS' failure to pay the sums identified above and required by IWC Wage Order 14 violates California Labor Code § 1194(a) and is therefore unlawful.

64.    As a result of the unlawful acts of DEFENDANTS, including the failure to pay for nonproductive work, PLAINTIFF and Class Members have been deprived of minimum wages, in amounts to be determined at trial, and are thus entitled to recovery of such amounts, plus interest and liquidated damages, attorneys' fees and costs, pursuant to Labor Code §§ 1194.2(a) and/or 218.5(a).

**FOURTH CAUSE OF ACTION**

**(FAILURE TO PROVIDE AND/OR COMPENSATE FOR REST BREAKS, CALIFORNIA LABOR CODE § 226.7, IWC WAGE ORDER 14)**

65.    Labor Code § 226.7 and IWC Wage Order 14 require an employer to provide paid rest periods or to pay an additional one (1) hour of wages for each paid rest period the employer fails to provide. Employees are entitled to a paid ten (10) minute rest break for every four (4) hours worked or major fraction thereof.

66.    During the relevant period, PLAINTIFF and Members of the Proposed Class consistently worked shifts of over 3½ hours but DEFENDANTS failed to provide mandated paid rest breaks and failed to maintain an accurate rest period policy.

**FIFTH CAUSE OF ACTION**

**(FAILURE TO PROVIDE MEAL PERIODS AND FAILURE TO KEEP ACCURATE RECORDS OF MEAL PERIODS; IWC WAGE ORDER 14; AWPA 29 U.S.C. § 1801 et seq.)**

67.    During the relevant time period, DEFENDANTS failed to provide or permit the taking of meal periods in compliance with California law. Frequently, DEFENDANTS deprived PLAINTIFF and the CLASS of meal periods for shifts lasting longer than 5 hours.

68.    IWC Wage Order 14 ¶ 11 provides that "[e]ach employer shall authorize and permit all employees after a work period of not more than five (5) hours to take a meal period of not less than thirty (30) minutes, except that when a work period of not more than six (6) hours will complete the day's work, the meal period may be waived by mutual consent of employer and employee. Unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an 'on duty' meal period

16

**COMPLAINT**

and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents and employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal is agreed to." IWC Wage Order 14, ¶ 7 imposes on employers an obligation to record and maintain accurate records of "meal periods." DEFENDANTS failed in their obligations by frequently failing to provide meal periods and frequently failing to record a meal period.

69.     Labor Code §§ 226.7 and 512 require an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Employees are entitled to a first meal period of at least thirty (30) minutes for shifts over five (5) hours, to be provided within the first five (5) hours of the shift, and a second meal period of at least thirty (30) minutes for shifts over ten (10) hours. If an employee is entitled to a second meal period, it must be provided after no more than ten (10) hours of work.

70.     Defendants failed to maintain a policy informing Plaintiff and the Proposed Class of these rights.

## SIXTH CAUSE OF ACTION

## (FAILURE TO PROVIDE TOOLS NECESSARY TO THE PERFORMANCE OF THE JOB AND FAILURE TO REIMBURSE FOR TOOLS, IWC WAGE ORDER 14, CALIFORNIA LABOR CODE § 2802)

71.     IWC Wage Order 14 provides that tools or equipment required by the employer or necessary to the performance of a job shall be provided and maintained by the employer.

72.     California Labor Code § 2802 provides that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties. PLAINTIFF and Members of the Proposed Class are entitled to reimbursement of all tool expenses they incurred throughout the duration of their employment.

73.     By failing to provide PLAINTIFF and Members of the Proposed Class with the necessary tools to perform their jobs, DEFENDANTS violated IWC Wage Order 14,

1   and burdened PLAINTIFF with the cost of tools such as shears, scissors, protective gloves,

2   sacks and other items similarly indispensable to PLAINTIFF'S adequate job performance.

3       74.   PLAINTIFF and Members of the Proposed Class seek reimbursement of said

4   expenses in an amount to be shown at trial, plus attorneys' fees, interest and costs.

5   **SEVENTH CAUSE OF ACTION**

6   **(FAILURE TO REIMBURSE FOR VEHICLE EXPENSES; CAL. LAB. CODE §**

7   **2802)**

8       75.   During the relevant period, DEFENDANTS required PLAINTIFF and the

9   CLASS to travel between fields to perform various work tasks.

10       76.   Because DEFENDANTS did not provide buses or other transportation to

11   workers so that they could travel from field to field in the middle of their shifts,

12   PLAINTIFF and the CLASS used their own vehicles to travel from field to field.

13       77.   Pursuant to Labor Code section 2802 "An employer shall indemnify his or

14   her employee for all necessary expenditures or losses incurred by the employee in direct

15   consequence of the discharge of his or her duties . . ." Cal. Lab. Code § 2802. Necessary

16   expenditures or losses includes costs of vehicle use when the vehicle use is necessary for

17   the performance of work.

18       78.   PLAINTIFF and the CLASS have never been reimbursed for their mileage

19   and/or vehicle expenses, in violation of California law.

20   **EIGHTH CAUSE OF ACTION**

21   **(WAITING TIME PENALTIES, CALIFORNIA LABOR CODE § 203)**

22       79.   California Labor Code Section 203 provides, in relevant part:

23           If an employer willfully fails to pay, without abatement or reduction,
in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
24   employee who is discharged or who quits, the wages of the employee shall
continue as a penalty from the due date thereof at the same rate until paid or
25   until an action therefore is commenced; but the wages shall not continue for
more than 30 days.

26       80.   By willfully failing to pay wages that, in accordance with California Labor

27   Code §§ 201, 202, and 205.5, are due PLAINTIFF and Members of the Proposed Class

28

**COMPLAINT**

each time any PLAINTIFF or Member of the Proposed Class was discharged, laid off, or quit, including when such termination of employment occurred at the end of each harvest season, DEFENDANTS have violated California Labor Code § 203. The wages of PLAINTIFF and Members of the Proposed Class thus continue as a penalty for an additional 30 days for each violation.

## NINTH CAUSE OF ACTION

## (FAILURE TO KEEP ACCURATE INFORMATION AND TO PROVIDE ACCURATE STATEMENTS OF HOURS WORKED AND WAGES EARNED, CALIFORNIA LABOR CODE § 226, IWC WAGE ORDER 14)

81.     In pertinent part, IWC Wage Order 14, paragraph 7(A) provides, and during the relevant period provided, that every employer shall keep accurate information with respect to each employee including time records showing when the employee begins and ends each work period and total hours worked in the payroll period. When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees.

82.     In each pay period during the relevant period, DEFENDANTS have violated IWC Wage Order 14 by failing to keep accurate information with respect to, among other things, when PLAINTIFF and Members of the Proposed Class have begun and ended each work shift and the total hours worked, and when PLAINTIFF and other workers took their meal periods.

83.     In pertinent part, California Labor Code § 226(a) provides, and during the relevant period provided:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees . . . an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis . . . (5) net wages earned . . . (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

84.     Each pay period during the relevant period, DEFENDANTS have violated California Labor Code § 226 by failing to provide to PLAINTIFF and Members of the

1   Proposed Class accurate statements showing, among other things, total hours worked and

2   gross wages earned.

### TENTH CAUSE OF ACTION

### FAILURE TO RECORD AND PAY FOR WAIT TIME; LABOR CODE § 1194;

### IWC WAGE ORDER 14; AWPA 29 U.S.C. § 1801 et seq.)

6       85.   PLAINTIFF and the CLASS often arrive to a mandarin field, and are told by

7   DEFENDANTS to wait for the mandarin trees when there is dew or the trees are otherwise

8   wet.

9       86.   DEFENDANTS failed to record or pay for this waiting time.

10   ELEVENTH CAUSE OF ACTION

11   (FAILURE TO RECORD AND PAY FOR TRAVEL TIME BETWEEN FIELDS AND

12   FAILURE TO RECORD AND PAY FOR WAIT TIME; LABOR CODE § 1194; IWC

13   WAGE ORDER 14; AWPA 29 U.S.C. § 1801 et seq.)

14       87.   At various times during the relevant time period, DEFENDANTS required

15   PLAINTIFF and the CLASS to start work at one field or ranch in the morning, work a

16   certain amount of time at that field, and then travel to a different field by foot or in their

17   own cars during the middle of the work day.

18       88.   DEFENDANTS failed to record the travel time and failed to compensate

19   PLAINTIFF and the CLASS for this travel time.

### ELEVENTH CAUSE OF ACTION

### (CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200)

22       89.   California Business and Professions Code § 17200, et seq., provides, in

23   relevant part, that "unfair competition shall mean and include any unlawful, unfair, or

24   fraudulent business act or practice . . . ."

25       90.   PLAINTIFF brings this action on behalf of himself and all other persons

26   similarly situated, and on behalf of the general public pursuant to California Business and

27   Professions Code § 17204.

28       91.   In California, there is a fundamental and substantial public policy protecting

1  an employee's wages.

2      92.    The following practices of DEFENDANTS are unlawful, and unfair business

3  practices under California Business & Professions Code § 17200, et seq.:

4          (a)    underpaying workers, including PLAINTIFF in violation of the

5  AWPA, 29 U.S.C. § 1832(c); California Labor Code §§ 200, 205.5, 221, 223, 1194, 1197;

6  IWC Wage Order 14 and IWC Wage Order 13; and fundamental public policy of the State

7  of California;

8          (b)    failing to provide paid rest periods and meal periods to workers,

9  including PLAINTIFF;

10          (c)    retaining the benefit of the labor performed by workers, including

11  PLAINTIFF, without reasonable compensation;

12          (d)    retaining the benefit of the labor performed by workers, including

13  PLAINTIFF, without providing compensation according to agreed-upon wages, crew piece

14  rates or other agreed-upon and/or contractually established rates in violation of California

15  Labor Code § 205.5;

16          (e)    failing to promptly pay all wages due to workers, including

17  PLAINTIFF, as mandated by the AWPA, 29 U.S.C. § 1832(c), and California Labor Code

18  §§ 201, 202 and 205.5, when those workers were discharged, laid off or quit;

19          (f)    failing to record and pay for travel time; and

20          (g)    failing to reimburse employees for expenses incurred in the

21  performance of their jobs.

22      93.    These unlawful and unfair acts present a continuing threat to the general

23  public that cannot be adequately remedied at law. PLAINTIFF is informed and believes

24  that such conduct will continue unless enjoined by this Court pursuant to California

25  Business and Professions Code § 17203.

26      94.    The limitations period under California Business and Professions Code §

27  17208 is four years. Accordingly, PLAINTIFF seeks relief for the period going back four

28  years prior to the filing of this Complaint and continuing into the present until judgment is

1  entered.

## **REQUEST FOR RELIEF**

**WHEREFORE, PLAINTIFF** pray for judgment against DEFENDANTS, as follows:

1.    Damages in an amount equal to all unpaid wages owed to PLAINTIFF and Members of the Proposed Class for four years prior to the filing of this Complaint, including but not limited to Labor Code § 226.7 premium pay in an amount equal to one (1) hour of wages per missed paid rest break or missed or late meal break in a sum to be proven at trial;

2.    Restitution of unpaid wages of PLAINTIFF and Members of the Proposed Class, under Business & Professions Code § 17200 et seq., for four years prior to the filing of this Complaint;

3.    Liquidated damages pursuant to California Labor Code § 1194 for four years prior to the filing of this Complaint;

4.    Monetary damages to PLAINTIFF and Members of the Proposed Class pursuant to the AWPA, 29 U.S.C. § 1854(c), in an amount equal to their actual damages or their statutory damages, whichever is greater;

5.    An award of statutory waiting-time penalties equal to 30 days' wages, pursuant to California Labor Code § 203, each time PLAINTIFF or Members of the Proposed Class were discharged, quit, or permanently laid off, including but not limited to each time an employee was discharged because of an end-of-season layoff, in accordance with California Labor Code Sections 201, 202 and 205.5, for four years prior to the filing of the Complaint;

6.    Monetary damages pursuant to paragraph 18 of IWC Wage Order 14 and the Labor Code sections cited therein;

7.    A declaration that DEFENDANTS intentionally violated the AWPA, 29 U.S.C. § 1801, et seq.;

8.    Injunctive relief, including an order enjoining DEFENDANTS from

1  continuing their ongoing violations of the AWPA, and other injunctive relief as provided

2  under California Business & Professions Code § 17200, et seq.;

3      9.    Reasonable attorneys' fees and costs incurred by PLAINTIFF on behalf of

4  themselves and Members of the Proposed Class in the prosecution of this action pursuant

5  to applicable law, including without limitation, California Labor Code §§ 218.5, 226, and

6  1194 and California Code of Civil Procedure Section 1021.5;

7      10.   Pre- and post-judgment interest at the maximum legal rate of interest for each

8  item of damages listed above; and

9      11.   Such other and further relief as this Court deems just and proper.

10                          **DEMAND FOR JURY TRIAL**

11     PLAINTIFF demands trial by jury.

12  DATED: February 7, 2019            KINGSLEY & KINGSLEY, APC

13

14                                By: _____

15                                    Eric B. Kingsley

16                                    Liane Katzenstein Ly
                                     Attorneys for Plaintiff and the Proposed Class

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**