UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR CALZADILLAS, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE WONDERFUL COMPANY, LLC,<br><br>Defendant. | No. 1:19-cv-00172-DAD-JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISSING ACTION<br><br>(Doc. Nos. 7) |

This matter is before the court on defendant The Wonderful Company's ("Wonderful") motion to compel arbitration and to stay or dismiss this action filed on April 5, 2019. (Doc. No. 7.) A hearing on the motion was held on May 7, 2019. Attorney Eric Kingsley appeared on behalf of named plaintiff Salvador Calzadillas and the putative class members (hereinafter "plaintiffs"), and attorney Lisa A. Stilson appeared on behalf of defendant. Following the hearing, the court issued an order granting plaintiffs' request for limited discovery and holding the motion to compel arbitration in abeyance pending completion of that discovery. (Doc. No. 18.) That order also directed the parties to submit supplemental briefing following the conducting of that discovery. (*Id.*) Plaintiffs did so on August 23, 2019, and defendant filed a response on September 6, 2019. (Doc. Nos. 21, 22.) Having considered that briefing, and for the reasons that follow, defendant's motion will be granted, and this action will be dismissed without prejudice.

1

# BACKGROUND

Plaintiffs commenced this action by filing a class action complaint on February 7, 2019. In that complaint, plaintiffs allege as follows. Plaintiffs are seasonal agricultural workers within the meaning of the Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1802(10). (Doc. No. 1 ("Compl.") at ¶ 10.) Plaintiffs are, and have been throughout the relevant period, non-exempt employees within the meaning of California Labor Code § 500 *et seq.* and the rules and regulations of California Industrial Welfare Commission Wage Order No. 14-2001 ("IWC Wage Order 14"). (*Id.* at ¶ 22.) Defendant is the world's largest grower of tree nuts and America's largest citrus grower. (*Id.* at ¶ 13.) Plaintiffs are employed to work in defendant's fields, and are either employed directly or through various Farm Labor Contractors ("FLCs"). (*Id.* at ¶¶ 4, 15.)

Under the parties' working arrangement, defendant is required to pay plaintiffs their agreed-upon wages for all hours worked, to pay workers for required rest periods, to provide meal periods, and to abide in all respects with IWC Wage Order 14. (*Id.* at 29.) The complaint alleges, however, that plaintiffs have not been compensated by defendant for all time worked. (*Id.* at ¶ 30.) Specifically, plaintiffs have alleged that they work on a piece-rate basis, picking mandarins in the morning. (*Id.* at ¶ 32.) After this "first pick," workers then switch to non-piece rate work in the late morning or afternoon, doing work such as picking up fruit off the ground, doing a second or third pass through, or picking "la china," but workers are not compensated for this work. (*Id.*) Instead, defendants use the earlier piece-rate earnings as a credit to satisfy minimum wage obligations in violation of California law and/or fail to pay workers for this non-piece-rate work. (*Id.*) Plaintiffs also are sometimes compensated on a "per bin" basis and paid a specific rate per bin, but they often do not receive credit for all the bins they pick, thus depriving workers of wages earned. (*Id.* at ¶ 33.) In addition, plaintiffs are scheduled to report to work at a specific time, but upon doing so are frequently told to wait before they can begin harvesting because the citrus trees are wet. (*Id.* at ¶ 34.) This waiting time is neither recorded nor are the workers paid for that waiting time by defendant. (*Id.*) Plaintiffs also do not regularly receive rest breaks as required by California law, nor are they compensated for those rest breaks. (*Id.* at ¶ 37.) The complaint further alleges that by words, conduct, practice, agreement, or custom and usage,

defendant agreed to provide plaintiffs with all necessary tools and equipment to perform their work, yet during the relevant period, plaintiffs were required to provide their own tools, including pruning shears, picking clippers, cloth sacks, protective gloves, and similar items. (*Id.* at ¶ 38–39.) Plaintiffs have not been reimbursed for the cost of purchasing these items. (*Id.* at ¶ 40.) As part of their employment, plaintiffs were required to travel between fields to perform work tasks, which required plaintiffs to use their own vehicles because defendants did not provide transportation. (*Id.*) Defendants failed to reimburse plaintiffs for the use of their vehicle. (*Id.* at ¶ 41.) In addition, this travel time between fields was not recorded by defendants and was not compensated. (*Id.* at ¶ 42.) Defendant also failed to provide plaintiffs with meal periods as required under California law and failed to issue itemized wage statements accurately reflecting all of the hours and rates worked by plaintiffs. (*Id.* at ¶ 43–44.)

Based on these allegations, plaintiffs assert a total of eleven causes of action, alleging violations of both state and federal law. (*Id.* at ¶¶ 58–94.) As noted, on April 5, 2019, defendant moved to compel arbitration and to stay or dismiss this action. (Doc. No. 7.) As also noted, on April 17, 2019, plaintiffs filed an *ex parte* application for an order permitting them to conduct discovery and an order continuing the hearing date on defendant's motion. (Doc. No. 11.) On April 23, 2019, plaintiff filed an opposition to defendant's motion. (Doc. No. 12.)

**LEGAL STANDARD**

A written provision in any contract evidencing a transaction involving commerce to settle a dispute by arbitration is subject to the Federal Arbitration Act ("FAA"). 9 U.S.C. § 2. The FAA confers on the parties involved the right to obtain an order directing that arbitration proceed in the manner provided for in a contract between them. 9 U.S.C. § 4. In deciding a motion to compel arbitration, the "court's role under the Act . . . is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

There is an "emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 631 (1985). As such, "'any doubts

concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" *Id.* at 626 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1 at 24–25 (1983)). "Because waiver of the right to arbitration is disfavored, 'any party arguing waiver of arbitration bears a heavy burden of proof.'" *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986) (quoting *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 (11th Cir. 1982)). Therefore, an arbitration agreement may only "be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). Courts may not apply traditional contractual defenses, like duress and unconscionability, in a broader or more stringent manner to invalidate arbitration agreements and thereby undermine FAA's purpose to "ensur[e] that private arbitration agreements are enforced according to their terms." *Id.* at 344 (quoting *Volt Info. Scis., Inc. v. Bd. of Trs.*, 489 U.S. 468, 478 (1989)).

## ANALYSIS

The court's prior order of June 3, 2019, has already addressed most of the contentions raised in the parties' first round of briefing, and that analysis need not be repeated here. The only question that remains unanswered is whether defendant is an intended third-party beneficiary of the "Mutual Agreement to Arbitrate Disputes" (the "Agreement"). (Doc. No. 7-2 at 4–5.) If so, defendant possesses standing to enforce that agreement, and arbitration of plaintiffs' claims is required.

"It is well established that a nonsignatory beneficiary of an arbitration clause is entitled to require arbitration." *Harris v. Superior Court*, 188 Cal. App. 3d 475, 478 (1986) (citing *Dryer v. L.A. Rams*, 40 Cal. 3d 406, 418 (1985); *Berman v. Dean Witter & Co., Inc.*, 44 Cal. App. 3d 999 (1975); and *Frame v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 20 Cal. App. 3d 668, 671–72 (1971)). Thus, nonsignatories of a contract may nonetheless enforce its terms if, among other

4

things, they are third party beneficiaries of the contract. *See Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006). However, "the mere fact that a contract results in benefits to a third party does not render that party a third party beneficiary; rather, the parties to the contract must have intended the third party to benefit." *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1290 (9th Cir.) (internal quotation marks and brackets omitted), *cert. denied*, ___ U.S. ___, 138 S. Ct. 203 (2017). Under California law,

> The test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract. If the terms of the contract necessarily require the promisor to confer a benefit on a third person, then the contract, and hence the parties thereto, contemplate a benefit to the third person. The parties are presumed to intend the consequences of a performance of the contract.

*Souza v. Westlands Water Dist.*, 135 Cal. App. 4th 879, 891 (2006). "Generally, it is a question of fact whether a particular third person is an intended beneficiary of a contract[.]" *Epitech, Inc. v. Kann*, 204 Cal. App. 4th 1365, 1372 (2012). "However, where . . . the issue can be answered by interpreting the contract as a whole and doing so in light of the uncontradicted evidence of the circumstances and negotiations of the parties in making the contract, the issue becomes one of law that we resolve independently." *Prouty v. Gores Tech. Grp.*, 121 Cal. App. 4th 1225, 1233 (2004). The party seeking to compel arbitration bears the burden of putting forward evidence affirmatively establishing its status as an intended third-party beneficiary. *See Norcia*, 845 F.3d at 1291 ("Samsung does not point to any evidence in the record indicating that Norcia and Verizon Wireless intended the Customer Agreement to benefit Samsung. Therefore, we conclude that Samsung fails to bear its burden of establishing that it was a third-party beneficiary.").

As noted in the court's prior order, defendant has already produced one piece of evidence tending to establish that it is a third-party beneficiary of the Agreement. The arbitration provision in the Agreement signed by plaintiff states that "Wonderful Citrus Packing LLC . . . and you voluntarily agree that any claim, dispute, or controversy arising out of or relating to your employment with any entity or person retained to perform services for the Company, your alleged employment with the Company, or the separation of employment shall be submitted to final and binding arbitration[.]" (Doc. No. 7-2 at 5.) The Agreement further states that it applies not

5

merely to claims against Wonderful Citrus Packing LLC itself, but also to claims against any of its "partners, affiliated companies, successors, contractors, . . . assigns, owners, directors, officers, shareholders, employees, managers, members, [and] agents." (*Id.*)  Defendant previously argued that it was an affiliate of Wonderful Citrus Packing LLC, because of which it was an intended third-party beneficiary. As evidence of its status as an affiliate, defendant submitted the declaration of Craig B. Cooper, defendant The Wonderful Company, LLC's senior vice president. (Doc. No. 7-4) ("Cooper Decl."). In that declaration Mr. Cooper avers that defendant is a privately held company located in Los Angeles, California, of which Wonderful Citrus Packing LLC is an affiliate. (*Id.* at ¶ 2.)

Plaintiffs were given the opportunity to conduct discovery in order to gather their own evidence in an attempt to demonstrate that defendant is not a third-party beneficiary of the Agreement. However, plaintiffs in their supplemental briefing point to nothing that would call defendant's evidence into question. Instead, plaintiffs merely state that "[d]efendant has failed to set forth any evidence showing that it is a third-party beneficiary of the arbitration agreement signed by and between Plaintiff and Lexus FLC on November 1, 2016." (Doc. No. 21 at 2.) Plaintiffs are mistaken. The Cooper Declaration constitutes evidence that defendant is an intended third-party beneficiary of the Agreement, and plaintiffs do not call that declaration into question. In addition, attorney Stilson has submitted a declaration in connection with defendant's supplemental briefing, which evinces that Wonderful Citrus Packing LLC is 100 percent owned by Wonderful Citrus Holdings LLC, which in turn is 100 percent owned by defendant The Wonderful Company LLC. (Doc. No. 23 at 3–12) (the "Stilson Declaration"). Because plaintiffs have produced no evidence inconsistent with or contrary to that evidence presented by defendant, the court must conclude that defendant has satisfied its burden of establishing that it is a third-party beneficiary to the Agreement and therefore has standing to enforce it.

Plaintiffs argue, in the alternative, that the arbitration provision should be set aside for fraud in the execution. This argument was not raised in plaintiffs' initial opposition to the defendant's motion to compel arbitration. Because it has only been raised in supplemental briefing, the argument is waived and the court declines to consider it. *See Rubie's LLC v. First*

*Am. Title Co.*, No. 1:18-cv-01052-DAD-SKO, 2018 WL 6419674, at *5 (E.D. Cal. Dec. 6, 2018).

Plaintiffs also request leave to amend in order to substitute another class representative as the named plaintiff. The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." *Id.* Nevertheless, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)); *see also Clarke v. Upton*, 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010); *Alzheimer's Inst. of Am. v. Elan Corp.*, 274 F.R.D. 272, 276 (N.D. Cal. 2011).

On the record before the court, the undersigned finds both bad faith by plaintiffs and unfair prejudice to defendant. Attached to the Stilson Declaration is a complaint filed by plaintiffs' counsel in *Zeferino, et al. v. The Wonderful Company, LLC, et al.*, No. 19STCV27582 (L.A. Super. Ct.), while defendant's motion to compel arbitration was pending before this court. (Stilson Decl. at 14–33.) The factual allegations contained in the *Zeferino* complaint are effectively identical to those in this case. The causes of action alleged in *Zeferino* are also the same, with the notable exception that the complaint in *Zeferino* omits any federal causes of action. It is obvious to the undersigned that plaintiffs' counsel is forum-shopping: likely realizing that it would be compelled to arbitrate in this case, plaintiffs' counsel has brought the same case in state court, artfully pleading it so as to avoid federal jurisdiction. Engaging in such tactics wastes valuable judicial resources and unfairly forces defendant to defend itself against the same set of allegations in multiple forums. Finding both bad faith and unfair prejudice, the court declines to grant leave to amend in this case. *See Hernandez v. DMSI Staffing, LLC*, 79 F. Supp. 3d 1054, 1058–60 (N.D. Cal. 2015) ("Such a tactic is not countenanced by Rule 15, particularly

where there is prejudice to Defendants resulting from potentially denying Defendants' right to fully adjudicate their motion to compel arbitration while subjecting Defendants to incurring the expense of unnecessary motion practice so that Plaintiff can have a trial run. Plaintiff's motion to amend is therefore denied."), *aff'd*, 677 Fed. App'x 359 (9th Cir. 2017).

Finally, the court must decide whether to stay this action or dismiss it. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004). "If a court determines that an arbitration clause is enforceable, it has the discretion to either stay the case pending arbitration, or to dismiss the case if all of the alleged claims are subject to arbitration." *Hoekman v. Tamko Bldg. Prod., Inc.*, No. 2:14-cv-01581-TLN-KJN, 2015 WL 9591471, at *2 (E.D. Cal. Aug. 26, 2015). Here, because all of plaintiffs' claims are subject to arbitration, the court concludes that dismissal is appropriate. *See Delgado v. Ally Fin., Inc.*, No. 3:17-cv-02189-BEN-JMA, 2018 WL 2128661, at *6 (S.D. Cal. May 8, 2018); *Hoekman*, 2015 WL 9591471, at *9.

## CONCLUSION

For the reasons set forth above,

1. Defendant's motion to compel arbitration (Doc. No. 7) is granted;
2. Plaintiffs' request for leave to amend (Doc. No. 21) is denied;
3. This action is dismissed without prejudice; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 23, 2019**

UNITED STATES DISTRICT JUDGE